```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA


MURAD HAAMID,                        )    No. EDCV 10-0710-RC
                                     )
         Plaintiff,                  )
                                     )    OPINION AND ORDER
    v.                               )
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social Security,     )
                                     )
         Defendant.                  )
_____)
```

Plaintiff Murad Haamid filed a complaint on May 18, 2010, seeking review of the Commissioner's decision denying his application for disability benefits. On October 1, 2010, the Commissioner filed an answer to the complaint, and the parties filed a joint stipulation on November 16, 2010.

## BACKGROUND

On July 28, 2008, plaintiff, who was born on December 14, 1950, applied for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423, claiming an inability to work since January 1, 2008, due to anxiety, hepatitis C and degenerative disc

disease.[1]  A.R. 74-76, 104.  The plaintiff's application was initially denied on September 26, 2008, and was denied again on November 7, 2008, following reconsideration.  A.R. 40-50.  The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge Sharilyn Hopson ("the ALJ") on December 17, 2009.  A.R. 16-37, 52.  On January 22, 2010, the ALJ issued a decision finding plaintiff is not disabled.  A.R. 6-15.  The plaintiff appealed this decision to the Appeals Council, which denied review on March 24, 2010.  A.R. 1-5.

**DISCUSSION**

**I**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision.  Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009); Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th Cir. 2009).  "In determining whether the Commissioner's findings are supported by substantial evidence, [this Court] must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001).  "Where the evidence can reasonably support either affirming or reversing the decision, [this Court] may not

---

[1] The plaintiff also applied for benefits under the Supplemental Security Income program of Title XVI of the Act, A.R. 70-73, but the matter proceeded as a Title II case.

substitute [its] judgment for that of the Commissioner." Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008); Vasquez, 572 F.3d at 591.

The claimant is "disabled" for the purpose of receiving benefits under the Act if he is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). "The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case. 20 C.F.R. § 404.1520. In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting him from performing basic work activities. 20 C.F.R. § 404.1520(c). If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1. 20 C.F.R. § 404.1520(d). If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform his past work. 20 C.F.R.

§ 404.1520(f).  If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy.  20 C.F.R. § 404.1520(g).

Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since January 1, 2008, his alleged onset date.  (Step One).  The ALJ then found plaintiff has the following severe impairments:  "degenerative disc disease of the lumbar spine and hepatitis C" (Step Two); however, plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment.  (Step Three).  Finally, the ALJ determined plaintiff is able to perform his past relevant work as a warehouse worker, bus driver, and housekeeper; therefore, he is not disabled.  (Step Four).

**II**

A claimant's residual functional capacity ("RFC") is what he can still do despite his physical, mental, nonexertional and other limitations.  Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001); see also Valentine v. Comm'r, Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009) (RFC is "a summary of what the claimant is capable of doing (for example, how much weight he can lift).").  Here, the ALJ found plaintiff has the RFC to perform the full range of medium work.[2]  A.R.

---

[2] Under Social Security regulations, "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. § 404.1567(c).

12. However, the plaintiff contends the ALJ's decision is not supported by substantial evidence because the ALJ erroneously rejected the opinions of John Byrne, D.O., plaintiff's treating physician,[3] and failed to properly consider a statement by Vandellian Pearson, plaintiff's wife.

**A.  Treating Physician's Opinion:**

Since at least 2001, plaintiff has received medical treatment at the Loma Linda Veterans' Administration Medical Center ("VA") for a variety of conditions, including allergies, hepatitis C, alcohol abuse, hypercholesterolemia, ankle and foot pain, degenerative disc disease and anxiety. A.R. 143-93, 229-78, 292. On May 18, 2005, plaintiff underwent a lumbar spine MRI, which showed a narrowed disc space, sclerosis and spurring at L4-L5 and unspecified degenerative joint disease of the spine with narrowing and 2-3 cm. disc bulging. A.R. 144, 173. On December 2, 2009, Dr. Byrne, a VA physician, opined that plaintiff suffers several medical conditions, including hepatitis C, dyslipidemia, degenerative disc disease, anxiety and colonic polyps, and Dr. Byrne further opined that "is unemployable." A.R. 292.

The medical opinions of treating physicians are entitled to special weight. Reddick, 157 F.3d at 725; Embrey v. Bowen, 849 F.2d

---

[3] Although plaintiff describes Dr. Byrne as a treating physician, see Jt. Stip. at 3:7-8, he cites no evidence in the record showing Dr. Byrne ever treated plaintiff. See A.R. 143-93, 229-78, 292. Nevertheless, the Court will assume Dr. Byrne is plaintiff's treating physician for purposes of this opinion. See A.R. 143, 229 (identifying Dr. Byrne as "PCMM Provider").

5

418, 421 (9th Cir. 1988). This is because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999). Therefore, the ALJ must provide clear and convincing reasons for rejecting the uncontroverted opinion of a treating physician, Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008); Reddick, 157 F.3d at 725, and "[e]ven if [a] treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record." Reddick, 157 F.3d at 725; Valentine, 574 F.3d at 692.

Here, the ALJ gave Dr. Byrne's opinion no weight because Dr. Byrne "simply lists the [plaintiff's] medical impairments with no explanation of how he arrived at his opinion" and "his opinion [is] unsupported." A.R. 14. This is a specific and legitimate reason for rejecting Dr. Byrne's opinion since "[t]he mere diagnosis of an impairment . . . is not sufficient to sustain a finding of disability[,]" Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990); see also Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of a disability."); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam) ("The mere diagnosis of [an ailment] . . . says nothing about the severity of the condition."), and "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002);

6

Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004).

The ALJ also rejected Dr. Byrne's opinions because they were inconsistent with the opinions of examining physicians William C. Boeck, Jr., M.D.,[4] an orthopedic surgeon, and Romualdo R. Rodriguez, M.D.,[5] a psychiatrist, and nonexamining physicians G. Spellman, M.D.,[6]

//

---

[4] Dr. Boeck examined plaintiff on September 16, 2008, and opined plaintiff can lift and carry 50 pounds occasionally and 25 pounds frequently, can stand and walk for 6 hours in an 8-hour day, and can sit for 6 hours in an 8-hour day. A.R. 216-20.

[5] Dr. Rodriguez examined plaintiff on September 7, 2008, diagnosed plaintiff as having a major depressive disorder and alcohol dependence in early full remission, determined plaintiff's Global Assessment of Functioning ("GAF") was 65 (A GAF of 61-70 indicates "[s]ome mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 34 (4th ed. (Text Revision) 2000)), and opined plaintiff is minimally limited in his ability to: relate and interact with supervisors, coworkers and the public; maintain concentration, attention, persistence and pace; associate with day-to-day work activity, including attendance and safety; adapt to the stresses common to a normal work environment; maintain regular attendance in the work place and perform work activities on a consistent basis; and perform work activities without special or additional supervision; but he can understand, remember and carry out simple as well as detailed and complex instructions. A.R. 194-200.

[6] On September 24, 2008, Dr. Spellman opined plaintiff can lift and carry 50 pounds occasionally and 25 pounds frequently, can sit for about 6 hours in an 8-hour day, can frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawl, and can never climb ladders, ropes and scaffolds. A.R. 223-27.

and K. Loomis, M.D.,[7] -- all of whom concluded plaintiff is not disabled. A.R. 14, 194-200, 202-12, 216-20, 223-27. "The contrary opinions of [the examining and nonexamining physicians] serve as . . . specific and legitimate reasons for rejecting the opinions of [the claimant's treating physician], and provide assurance that the record was sufficiently developed with regard to the issue of [plaintiff's] impairment." Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Batson, 359 F.3d at 1195.

Nevertheless, plaintiff contends the ALJ had a duty to contact Dr. Byrne to obtain further explanation from him to support his opinions. Jt. Stip. at 5:28-8:18. Although "'the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered[,]'" Smolen, 80 F.3d at 1288 (citation omitted); Widmark v. Barnhart, 454 F.3d 1063, 1068 (9th Cir. 2006), here "[t]he record before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of the evidence." Mayes, 276 F.3d at 460; see also Tonapetyan, 242 F.3d at 1150 ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'"). Therefore, the ALJ did not fail to properly develop the medical record. Tonapetyan, 242 F.3d at 1149; see also Wright v. Astrue, 2009 WL 2849006, *7 (C.D. Cal.) ("The ALJ found that [the physician's] report was conclusory and

---

[7] Dr. Loomis opined plaintiff's mental impairment is not severe and he has no restrictions in his activities of daily living, mild difficulties maintaining social functioning and concentration, persistence or pace, and has not experienced any episodes of decompensation. A.R. 202-12.

8

1 unsupported, not ambiguous or inadequate to allow for a proper
2 evaluation. Nor did any physician render an opinion that the record
3 was ambiguous or inadequate. Based on the record, the ALJ had no duty
4 to develop the record further." (citation omitted)).

### B. Lay Witness Statement:

"Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); Valentine, 574 F.3d at 694. Thus, a third party's statement is competent evidence, and "an important source of information about a claimant's impairments[.]" Regennitter v. Comm'r of the Soc. Sec. Admin., 166 F.3d 1294, 1298 (9th Cir. 1999); Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 975 (9th Cir. 2000).

Here, plaintiff's wife, Vandellian Pearson, on August 14, 2008, stated plaintiff is not very active anymore and he spends his day resting and taking pain medication. A.R. 91-98. Ms. Pearson also noted plaintiff has stiffness in his body each morning and needs help washing his back and combing his hair. A.R. 92. Ms. Pearson stated plaintiff's condition affects his ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, complete tasks and concentrate, but did not explain how these abilities are affected. A.R. 96. However, in responding to a question about how plaintiff's illness affects his abilities, Ms. Pearson simply responded "[n]ot very far." Id. Further, Ms. Pearson indicated plaintiff can drive, handle money,

pay attention for "a good amount of time," follow spoken instructions reasonably well, has no problem getting along with family, friends, or others, gets along with authority figures very well, and can handle changes in routine "sort of good[,]" but is not that good with written instructions and at handling stress. A.R. 94-97.

The ALJ did not specifically address Ms. Pearson's statement, A.R. 13, and this was clear legal error, Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Schneider, 223 F.3d at 975, as the Commissioner acknowledges. Jt. Stip. at 16:4-5. However, the ALJ's error was harmless since nothing in Ms. Pearson's statement is necessarily inconsistent with the ALJ's RFC determination or demonstrates plaintiff is disabled. Lockwood v. Comm's Soc. Sec. Admin., __ Fed. Appx. __, 2010 WL 3258572, *2 (9th Cir. (Or.); Hart v. Astrue, 349 Fed. Appx. 175, 177 (9th Cir. 2009); Sabin v. Astrue, 337 Fed. Appx. 617, 621 (9th Cir. 2009). Since "[t]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination[,]" Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations and internal quotation marks omitted); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005), there is no merit to plaintiff's claim that the ALJ's error requires reversal.

**ORDER**

IT IS ORDERED that: (1) plaintiff's request for relief is denied;
//
//

10

```
and (2) the Commissioner's decision is affirmed, and Judgment shall be
entered in favor of defendant.


DATE:  November 22, 2010          /S/ ROSALYN M. CHAPMAN
                                  ROSALYN M. CHAPMAN
                                  UNITED STATES MAGISTRATE JUDGE
R&R-MDO\10-0710.mdo
11/22/10
```